UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                                              :

FRED R. PROFETA, JR.,                                   :

                                      Plaintiff,     :        15-CV-1054 (JPO)

                                                                :

                        -v-                                :        <u>OPINION AND ORDER</u>

                                                                 :

SHANDELL, BLITZ, BLITZ, & ASHLEY, LLP,  :
*et al.*,                                                            :

                                                  Defendants.  :
------------------------------------------------------------ X

J. PAUL OETKEN, District Judge:

      Plaintiff Fred Profeta filed this action on February 13, 2015.  (Dkt. No. 1.)  The defendants moved to dismiss on April 13 and 14, 2015, alleging that the Court lacks subject - matter jurisdiction and that Profeta has failed to joined necessary parties and failed to state a claim. (Dkt. Nos. 17, 20.)  *See* Fed. R. Civ. P. 12(b)(1), (6)-(7).  For the reasons that follow, the motion to dismiss for lack of subject matter jurisdiction is granted in part and the motion to dismiss for failure to state a claim is granted in part.

**I.**    **Background**

      For the purposes of this motion, the Court assumes as true the facts alleged in the Complaint, except as necessary to determine the Court's jurisdiction.  *See Al Naham v. U.S. Dep't of State*, No. 14-CV-9974, 2015 WL 3457448, at *1 n.1 (S.D.N.Y. June 1, 2015) (Oetken, J.); *Albin v. LVMH Moet Louis Vuitton, Inc.*, No. 13-CV-4356, 2014 WL 3585492, at * 1 n.1 (S.D.N.Y. July 8, 2014) (Oetken, J.).

      This case concerns the division of attorney's fees incurred during lengthy state court litigation over allegedly hazardous substances leaking from the Pelham Bay landfill. *See, e.g.*, *Nonnon v. City of New York*, 88 A.D.3d 384, 386 (N.Y. App. Div. 1st Dep't 2011).  All of the

parties are attorneys or law firms. (Dkt. No. 1 at ¶¶ 3-11.) Shandell, Blitz, Blitz, & Bookson ("SBBB") for a time represented the plaintiffs in the underlying case, *Nonnon v. City of New York*. In August 2005, the firm contracted with Profeta & Eisenstein ("P&E"), through its partner Fred Profeta, to handle the appeal of a New York Supreme Court order denying a motion to dismiss. (Dkt. No. 22-1 at 2; Dkt. No. 26-3 at 1.) *See Nonnon v. City of New York*, 32 A.D.3d 91, 92 (N.Y. App. Div. 1st Dep't 2006). On behalf of the firm, defendant Bert Blitz agreed to give P&E ten percent of its fee in exchange for P&E's work on the appeal, and Blitz represented that the firm was entitled to a one-third contingency fee, minus a one-third referral fee payable to defendant Gersowitz Libo and Korek, P.C. (Dkt. No. 1 at ¶¶ 13-15.) On February 1, 2007, P&E executed a new partnership agreement, under which Profeta would receive P&E's entire share of fees in the Pelham Bay litigation. (Id. at ¶ 17; Dkt. No. 26-1 at ¶ 8.)

In December 2007, SBBB dissolved, with three partners forming a new firm, Shandell, Blitz, Blitz, and Ashley ("SBBA"). SBBA inherited the *Nonnon* case. On March 9, 2009, Profeta mailed a letter to SBBA reminding them of their fee agreement. (Dkt. No. 1 at ¶ 19.) Defendant Mitchel Ashley replied on SBBA letterhead that "everything you say in that letter is incorrect." (*Id.* at ¶ 20.) In June 2009, upon the departure of some partners, SBBA decided to wind down. Defendant Mitchel Ashley promptly formed the Ashley Law Firm, PLLC, itself another defendant here, and continued work on the Pelham Bay litigation. (*Id.* at ¶¶ 21-23.) On May 2, 2012, Ashley, his firm, SBBA, and Gersowitz Libo and Korek agreed to increase Gersowitz's share of the fee from one-third to forty-five percent. (*Id.* at ¶ 24-25.) The agreement did not include P&E or Profeta. (*Id.* at ¶ 26.)

On July 26, 2013, the Pelham Bay cases settled for $12 million. (*Id.* at ¶ 27.) On August 13, 2014, Ashley's law firm filed suit in New York Supreme Court, Bronx County, for an order distributing the legal fees between the firm and SBBA. (*Id.* at ¶ 28.) Profeta asked SBBA about

his share of the fee, and was told that he should intervene in the state court proceedings and seek recovery based on a quantum meruit theory. (*Id.* at ¶ 333, 6.) SBBA's attorney told Profeta that his fee claim was "Machiavellian," and that SBBA and Ashley's firm should split the fee net of Gersowitz's share. (*Id.* at ¶¶ 34-35.)

Profeta filed this action on February 13, 2015. Defendants moved to dismiss on April 13 and 14, 2015. The Court held a hearing on the motions on October 30, 2015.

## II.     Subject Matter Jurisdiction

Though Defendants have not argued that the case is unripe, "the question of ripeness may be considered on a court's own motion."[1] *Entergy Nuclear Vermont Yankee, LLC v. Shumlin*, 733 F.3d 393, 429 (2d Cir. 2013) (quoting *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003)); *see Catskill Dev., LLC v. Park Place Entm't Corp.*, 547 F.3d 115, 123 (2d Cir. 2008) (Sotomayor, J.) (describing the independent obligation of federal courts to ensure the presence of subject matter jurisdiction). The burden of proving ripeness lies with the plaintiff, who must show that "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to justify judicial resolution." *Greenlight Reinsurance, Ltd. v. Appalachian Underwriters, Inc.*, 958 F. Supp. 2d 507, 518 (S.D.N.Y. 2013) (Oetken, J.) (quoting *Marchi v. Bd. of Coop. Educ. Servs.*, 173 F.3d 469, 478 (2d Cir. 1999).

Profeta seeks a declaratory judgment of his rights under the contract. "The standard for ripeness in a declaratory judgment action is that 'there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Beautiful Home Textiles (USA), Inc. v. Burlington Coat Factory*

---

[1] Defendants argue instead that this action does not meet the requirements for federal diversity jurisdiction. *See* 28 U.S.C. § 1332. (Dkt. No. 18 at 3-5; Dkt. No. 21 at 5-8.) Because the Court dismisses the case on other grounds, it does not reach those arguments.

*Warehouse Corp.*, No. 13 Civ. 1725, 2013 WL 3835191, at *4 (S.D.N.Y. July 25, 2013) (quoting *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 388 (2d Cir. 2005)); *see Duane Reade*, 411 F.3d at 388 (explaining the considerations governing whether a court should entertain a declaratory judgment action over which it has jurisdiction). "The difference between an abstract question and a controversy contemplated by the Declaratory Judgment Act is necessarily one of degree . . . ." *Id.* (quoting *Certain Underwriters at Lloyd's, London v. St. Joe Minerals Corp.*, 90 F.3d 671, 675 (2d Cir. 1996)). On one end of the spectrum, a controversy exists if "all of the acts that are alleged to create liability already have occurred." Wright & Miller, 10B Fed. Prac. & Procedure § 2757. On the other end, a controversy is not sufficiently immediate if it relies on a "remote and unlikely" future contingency. *Id.*; *see Port Wash. Teachers' Ass'n v. Bd. of Educ. Of Port Wash. Union Free Sch. Dist.*, 478 F.3d 494, 501-02 (2d Cir. 2007) (dismissing action for declaratory and injunctive relief because the plaintiffs "failed to elicit facts that constitute [a substantial] controversy").

There is no substantial controversy here. Critically, there has been no breach of the contract. Profeta signed the contract with SBBB, and SBBB's work on the *Nonnon* case will be credited to SBBA in the state court fee determination. (Dkt. No. 28 at 6; *see* Dkt. No. 1 at ¶ 43.) SBBA's own fee is the subject of ongoing state court proceedings—which Profeta has declined to join—and has not been determined. Accordingly, Profeta's alleged 10% share has also not been fixed, and SBBA's payment is not due. SBBA has not yet failed to perform, so any contractual claim would be "premature." *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 261 F. Supp. 2d 293, 295 (S.D.N.Y. 2003), *aff'd*, 411 F.3d 384 (2d Cir. 2005).

Profeta also fails to show that a controversy is imminent. *See* Wright & Miller, 10B Fed. Prac. & Procedure § 2757 (observing that courts issue declarations "if one or both parties have taken steps or pursued a course of conduct which will result in imminent and inevitable

4

litigation"). SBBA has not rejected the contract terms before this Court. *Cf. Duane Reade*, 261 F. Supp. 2d at 295 (allowing a declaratory judgment action where a breach of contract has not yet occurred, where the parties concede the existence of an "actual and continuing controversy" over the scope of the contract); *Brooklyn Hosp. Ctr. v. Westport Ins. Corp.*, No. 03 Civ. 5190, 2004 WL 868208, at *3 (Apr. 21, 2004) (similar). SBBA told Profeta in 2009 that his understanding of the contract terms was "incorrect," and in 2012 that his attempts to enforce the contract were "Machiavellian." These bare allegations are hardly the "positive and unequivocal" declarations of "an intention not to perform" required to show anticipatory repudiation of the contract. *Vision Entm't Worldwide, LLC v. Mary Jane Prods., Inc.*, No. 13 Civ. 4315, 2014 WL 5369776, at * 3 (S.D.N.Y. Oct. 17, 2014). Nor has Profeta acted to turn any such repudiation into a breach by suing for contract damages, as required by New York law. *Id.* at *4-5 (citing *Lucente, v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258-59 (2d Cir. 2002)). And these statements do not show that SBBA will immediately breach the contract or that litigation is likely: indeed, they were made three and six years ago.

       The absence of a controversy is even clearer with respect to the defendants other than SBBA. As those defendants were not party to the contract or the successor to SBBB, Profeta's brief alleges against them an assortment of equitable quasi-contract claims. (Dkt. No. 27 at 13.) The gravamen of those claims is the equitable notion that a party in receipt of a benefit is obliged to pay for it. *See, e.g.*, *Levine v. Zadro Prods., Inc.*, No. 02 Civ. 2838, 2003 WL 21344550, at *5 (S.D.N.Y. June 9, 2003) (contract implied in law); *Marshall v. Pittsford Cent. Sch. Dist.*, 100 A.D.3d 1498, 1499-500 (N.Y. App. Div. 4th Dep't 2012) (equitable estoppel). But until the resolution of the state court proceeding, it is not certain which of the defendants hold any fees from Profeta's services, and so which have any dispute with Profeta.

Profeta could protect his interest by participating in the state court proceeding, or he could wait to see if the contract is honored.  Rather than do so, he "continues to insist on performance," while seeking a declaration of his rights from this Court in case breach occurs. *Vision Entm't*, 2014 WL 5369776, at * 5.  The suggestion of breach alleged here, however, "involves contingent issues not ripe for adjudication." *Advanced Glob. Tech., LLC v. XM Satellite Radio, Inc.*, No. 07 Civ. 3654, 2007 WL 3196208, at *3 (S.D.N.Y. Oct. 29, 2007); *cf. Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (explaining that, for a plaintiff to have standing, the threatened injury "must be actual and imminent, not conjectural or hypothetical"). Dismissal for lack of jurisdiction under Rule 12(b)(1) is therefore proper.  *See Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.a.r.l.*, 790 F.3d 411, 416-17 (2d Cir. 2015).

### III.   Failure to State a Claim

Profeta's second cause of action is for an "injunction barring the defendants from distributing the fees from the [underlying] cases pending determination of [Profeta's] claim." (Dkt. No. 1 at ¶ 45.)  This "cause of action" is simply a request for a preliminary injunction until Profeta's other claim is resolved, unaccompanied by any of the required showings justifying such an injunction.  *See UBS Fin. Servs., Inc. v. West Virginia Univ. Hosp., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (describing the requirements for a preliminary injunction); *see also Versatile Housewares & Gardening Sys., Inc. v. Thill Logistics, Inc.*, 819 F. Supp. 2d 230, 240 (S.D.N.Y. 2011) (describing the law's preference for remedies at law over equitable remedies in contract cases).  In any event, "a preliminary injunction is a form o[f] relief, and not a claim or a cause of action, and because there is no claim present that would justify the granting of a preliminary injunction," this cause of action is dismissed.  *NAS Elec., Inc. v. Transtech Elec. PTE Ltd.*, 262 F. Supp. 2d 134, 149 (S.D.N.Y. 2003); *see Furchtgott-Roth v. Wilson*, No. 09 Civ. 9877, 2010 WL 3466770, at *5 (S.D.N.Y. Aug. 31, 2010).

**IV.     Conclusion**

For the foregoing reasons, Defendants' motion to dismiss is GRANTED without prejudice.  The Clerk of Court is directed to close the motions at Docket Nos. 17 and 20 and terminate the case.

SO ORDERED.

Dated: November 16, 2015
      New York, New York

_____
J. PAUL OETKEN
United States District Judge